CHARLES JONES, Defendant in Error, *v.* RICHARD L. JACKSON *et als.*, Plaintiffs in Error.

*Practice—Answer.*—An answer filed, by the tenant in possession of land, to a petition in ejectment, traversing all the allegations of the petition, cannot be stricken out upon motion, although a separate answer and counter-claim filed by the landlord may show no legal defence to the action. The defendant has the right to retain possession until a better title be shown.

*Error to Franklin County Court.*

This was a suit of ejectment against Jackson for lands as tenant in possession in the ordinary form, the other defendants named being charged also as guilty of the trespass and ejectment. Jackson answered denying the plaintiffs' title and right of possession, and traversing all the facts stated in the petition, and alleged that he was tenant of J. Thornburg. The writ was served only on Jackson. Thornburg answered by leave, and set up the defence of a defective sale by Ming, as trustee, on account of fraudulent and oppressive conduct at a trustee's sale, and because the trustee had not pursued the terms of the power (Thornburg v. Jones et al., 36 Mo. 514), and thus attacking the equity of the plaintiff's title.

On motion of plaintiff, this answer of Thornburg was stricken out as not showing any defence. Jackson died and his heirs, &c., were made parties, and then plaintiff moved to strike out Jackson's answer, for the reason—1. That it showed no defence; 2. That Jackson was tenant of Thornburg, and Thornburg's answer showed no defence; 3. That

Jackson's answer and Thornburg's answer, taken together, showed no defence.

The answers having been stricken out, judgment was given for plaintiff.

*Whittelsey*, for plaintiffs in error.

The only questions which are really presented by the record are, were the answers of Jackson and Thornburg properly stricken out?

I. This case must be reversed for the error of the court in striking out the answer of Jackson; that answer traversed directly the facts stated in the petition, and, thus presenting an issue, it was erroneous to strike it out—R. C. 1855, p. 1232, § 12, & p. 1259, § 3; Wales v. Chamberlain, 19 Mo. 500; Mechanics' Bank v. Fowler et al., 36 Mo. 33.

The answer of Jackson must stand or fall by itself, and Thornburg's answer could not be allowed to affect it any more than if it had been an exhibit, more especially when Thornburg's answer had already been stricken out, and thus formed no part of the record—Dietz et al. v. Corwin, 35 Mo. 376; Chambers v. Carthel et al., 35 Mo. 374.

II. Thornburg's answer did present an equitable defence, as decided in the case of Thornburg v. Jones, 36 Mo. 514. It is a question whether Thornburg did not have also a defence at law, because the trustee had not followed the terms of the power given to him by the deed of trust; although it might be that Jones, having secured the legal title of the trustee, could maintain an ejectment upon it.

*Glover & Shepley*, for defendant in error.

I. The answer of Thornburg was properly stricken out, as it presented no defence to the action. It is the same matter set up as a defence to an ejectment for the land, that was set up by Thornburg as a defence to the notes which in the original sale were given by Hickman for the land secured by deed of trust under which Jones bought, which was before the court in 36 Mo. 514. That the facts set up by

Thornburg do not constitute a defence to the action of eject-ment, a very cursory examination will show. Indeed so clear is it, that the counsel on the other side do not seem to controvert this. The reasons, as set out in the motion of plaintiffs to strike out the answer, sufficiently show that no other action of the court was possible.

II. The answer of Jackson was properly stricken out, as he only claimed to hold possession as tenant of and under Thornburg. In his answer, he says he holds as tenant of Thornburg; and states, not that he (Jackson) is entitled to the possession of the premises, but that Thornburg is so en-titled to the possession. He does not set up any right in himself even to the possession, but emphatically states that he holds it only for Thornburg, as Thornburg has no defence to the action; so Jackson, having based his defence upon the fact that he holds it only for Thornburg, stands in no better position than Thornburg.

HOLMES, Judge, delivered the opinion of the court.

There was manifest error in striking out the answer of the defendant Jackson. That the answer of Thornburg showed no valid defence to the action, was no sufficient reason for striking out the answer of Jackson, which denied all the alle-gations of the petition, and put the plaintiff upon proving such *title or right* to the possession as would enable him to recover in the action of ejectment. He must recover in his own right or title. The defendant Jackson had a right to retain the possession until a better right thereto was shown.

The answer of the defendant Thornburg, though stating facts which might entitle him to the equitable relief for which he prayed, in a proper case, did not contain any specific de-nial of the material allegations of the petition, nor show any matter which would necessarily constitute a bar to the plain-tiffs' action, and it was for this reason properly stricken out.

The judgment will be reversed, and the cause remanded. The other judges concur.